**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALBERT J. ANDERSON** | : | **CIVIL ACTION** |
| **versus** | : | **NO: 3:17-cv-00597-JWD-RLB** |
| **ALLSTATE INSURANCE COMPANY** | : | |

**CONSOLIDATED WITH FOR DISCOVERY PURPOSES AND PERTAINS TO:**

| | |
|---|---|
| 17-cv-01200-JWD-RLB | Dixon, et al vs. Allstate Insurance Company |
| 17-cv-01201-JWD-RLB | Fountain vs. Allstate Insurance Company |
| 17-cv-01202-JWD-RLB | Smith vs. Allstate Insurance Company |
| 17-cv-01203-JWD-RLB | Whiteman vs. Allstate Insurance Company |
| 17-cv-01213-JWD-RLB | Delacruz, et al vs. Allstate Insurance Company |
| 17-cv-01215-JWD-RLB | Johnson, et al vs. Allstate Insurance Company |
| 17-cv-01217-JWD-RLB | Vance vs. Allstate Insurance Company |
| 17-cv-01219-JWD-RLB | Shupe vs. Allstate Insurance Company |
| 17-cv-01247-JWD-RLB | Coates, et al vs. Allstate Insurance Company |
| 17-cv-01258-JWD-RLB | Gill, et al vs. Allstate Insurance Company |
| 17-cv-01277-JWD-RLB | Troxclair vs. Allstate Insurance Company |
| 17-cv-01446-JWD-RLB | Wells, et al vs. Allstate Insurance Company |
| 17-cv-01554-JWD-RLB | Zeno vs. Allstate Insurance Company |
| 17-cv-01607-JWD-RLB | Marchiafava vs. Allstate Insurance Company |
| 17-cv-01742-JWD-RLB | Box, et al vs. Allstate Insurance Company |
| 17-cv-01745-JWD-RLB | Scott vs. Allstate Insurance Company |
| 17-cv-01749-JWD-RLB | Murga, et al vs. Allstate Insurance Company |

**ALLSTATE'S RESPONSE TO PLAINTIFFS' SURREPLY IN
SUPPORT OF ITS OPPOSITION TO ALLSTATE'S MOTION TO DISMISS**

**I.**

**COMES NOW** the defendant, Allstate Insurance Company ("Allstate"), acting as fiscal agent of the United States in its role as a "Write-Your-Own" carrier participating in the National

1

Flood Insurance Program ("NFIP"), 42 U.S.C. § 4001, *et seq.*, and submits this its Response to Plaintiff's Surreply (ECF No. 72) in Support of Its Opposition to Allstate's Motion to Dismiss.

As this Court is well aware, Allstate sought through its motion to dismiss (ECF No. 6) a dismissal of "assembly line,"[1] "cookie cutter," pleadings[2] that remain defective and un-amended to this day— conclusory in nature, devoid of facts required to state a plausible claim under applicable law, and reflecting an utter failure to conduct the required, fundamental due diligence before initiating a lawsuit.[3] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (hereinafter "*Twombly*"), and progeny.[4] In the alternative, Allstate requested that plaintiffs be required to amend their pleadings in order to satisfy *Twombly* standards.

---

[1] "Assembly line" is a phrase that has been used interchangeably with "cookie cutter" by some federal courts to describe insufficient pleadings. *See, e.g., Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327, 1341 (S.D. Fla. 2016) ("The Court is concerned that advocacy . . . has come to resemble an automotive assembly line. Like automotive manufacturers mass producing one vehicle after another, attorneys are churning out seemingly identical complaints. A complaint of this nature is more jalopy than Jaguar."); *Landis v. Fannie Mae*, 922 F. Supp. 2d 646, 649 n.3 (E.D. Mich. 2013) (finding that conclusory "assembly line filings" merit Rule 11 sanctions").

[2] A comparative review of flood-related pleadings, including amended complaints, filed in the Middle District by counsel for the plaintiff lends support to Allstate's characterization of these pleadings as "cut and paste" and "cookie-cutter." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (Court's Rule 12(b)(6) review is limited to "documents attached to or incorporated in the complaint and *matters of which judicial notice may be taken*.") (emphasis added).

[3] *Accord Kallen v. J.R. Eight, Inc.,* 775 F. Supp. 2d 1374, 1378 (S.D. Fla. 2011) ("Plaintiff[s] ... and [their] legal counsel failed to undertake any due diligence or investigation whatsoever prior to filing their lawsuit against Defendant. . . . [S]uch fundamental and good faith investigation [is] required by Rule 11 of the Federal Rules of Civil Procedure.").

[4] *Accord  Louque v. Allstate Ins. Co.,* 314 F.3d 776, 786 (5th Cir. 2002) (the district court correctly dismissed plaintiff's complaint for breach of contract); *McZeal v. MidSouth Nat'l Bank, NA*, 2017 WL 1332730, at *10 (W.D. La. Jan. 13, 2017) (case dismissed after court found that "complaint . . . included . . . cookie-cutter allegations" that were deemed "subpar" and "inadequate under the Federal Rules of Civil Procedure"); *Ellison v. JP Morgan Chase Bank*, 2014 WL 128402, at *1 (E.D. Mich. Jan. 14, 2014) (case involving attorney who was "sanctioned for filing cases using 'cookie cutter pleadings'"); *Pakulski v. Clearvue Opportunity XXII, LLC*, 2013 WL 1869102, at *2 (E.D. Mich. May 3, 2013) (case dismissed after court criticized attorney's "slipshod litigation practice" of filing "cut and paste, cookie cutter complaint[s], each alleging the very same counts, and each replete with the same spelling, typographical, and party gender and number errors"); *Kansas Wheat All., Inc. v. Thunderbird Seed Conditioning, LLC*, No. 12-CV-01171-MEH, 2013 WL 490986, at *3 (D. Colo. Feb. 7, 2013) (unacceptable "cookie cutter" complaints characterized as "template on a word processing system with the ability to [add field]" such as parties' names and addresses) (bracketed words in original); *Joe Hand Promotions, Inc. v. Weber*, 2012 WL 5306162, at *1 (D. Ariz. Oct. 26, 2012) (case in which court declined to  "indulge Plaintiff's attempt to obtain the

Allstate steadfastly maintains that the proper disposition of the issues presented in its motion to dismiss (ECF No. 6) would have a positive impact on the management and resolution of the multitude of flood cases filed here in the Middle District and beyond.  Moreover, it would unequivocally have a cost-effective impact on the NFIP—now and in the future.

In furtherance of these important goals, this Honorable Court was, and remains, in a position to reject plaintiffs' misguided and flawed efforts to obtain relief in their breach-of-contract cases through fact-deficient pleadings.

**II.**

Counsel for the plaintiffs are quite capable of filing *Twombly*-sufficient pleadings—as evidenced by the amended complaint filed in March 2018 in the Middle District case of *Johnson v. Allstate,* No. 3:17-cv-01408. Allstate did not move for a dismissal of the *Johnson* amended complaint after concluding that a Rule 12(b)(6) motion was not warranted.  However, *Johnson* is the only flood case involving a complaint or amended complaint that did not come off the assembly line.

Plaintiffs now come before this Honorable Court, seeking a pass on their obligation to file legally-sufficient complaints, *over some four months after* Allstate's (initial) motion to dismiss was filed.  Through their surreply, plaintiffs cavalierly and dismissively instruct the Court that Allstate's motion to dismiss is:

> *… now moot, as, pursuant to the Limited Scheduling Order dictating every case, Allstate is now in possession of essentially all (and more) of the information they originally sought to be incorporated into Plaintiffs' complaints.*

---

biggest judgment it can by filing cookie-cutter pleadings") (quoting *Joe Hand Promotions, Inc. v. Streshly,* 655 F.Supp.2d 1136, 1139 (S.D. Cal. 2009)*; E.E.O.C. v. WW Group, Inc.,* No. 11-14220, 2012 WL 580471, at *2 (E.D. Mich. Feb. 22, 2012) ("Today, the ordinary rules require a complaint that passes scrutiny under *Twombly* and *Iqbal.* The instant Complaint does not meet this test. Thus, the fact that the EEOC uses a standardized template for complaints does not render the instant Complaint sufficient where it is otherwise deficient under *Twombly* and *Iqbal.*").

Plaintiffs additionally suggest to the Court—in defense of their deficient complaints—that those very infirm, bare-bones pleadings should, in retrospect, be deemed acceptable because Allstate already had access to, or later obtained, necessary specifics.

Instead of abrogating their duty to conduct due diligence to determine the existence *vel non* of critical particulars supporting their complaints and their demand for millions of dollars in public funds, plaintiffs could have rendered Allstate's motion moot a long time ago if they had simply amended their fact-deficient pleadings to move this litigation along.

Plaintiffs' argument that Allstate *eventually* collected adequate information to render the defendant's challenge moot is in essence an admission that plaintiffs did not and do not take seriously their burden of performing pre-suit due diligence.  Their strategy was, apparently, to depend upon the discovery process to retroactively support their flawed claims.

This Court, we respectfully submit, can now plainly see a stark absence of due diligence,[5] or systematic research effort by the Plaintiffs, which should have (but didn't) take place for the rightful purpose of gathering facts critical to making an informed decision on whether a particular claim has merit and should be litigated.  The need to exercise due diligence and make informed decisions before suit is filed will remain a fiction of flood litigation so long as the practice of filing cookie-cutter complaints is permitted.

### III.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint (or amended complaint)--not the merits of the case. Accordingly, federal rules and interpretive case law require a plaintiff to plead enough facts to

---

[5] *See, e.g., Kallen v. J.R. Eight, Inc.,* 775 F. Supp. 2d 1374, 1378 (S.D. Fla. 2011) ("Plaintiff[s] ... and [their] legal counsel failed to undertake any due diligence or investigation whatsoever prior to filing their lawsuit against Defendant. . . . [S]uch fundamental and good faith investigation [is] required by [FRCP] Rule 11.").

"state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 & 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'") (quoting *Twombly,* 550 U.S. at 570). It must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [6] *Twombly,* 550 U.S. at 555; *see Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) ("must be enough to raise a right to relief above the speculative level"); *Emesowum v. Houston Police Dep't.*, 561 F. App'x 372, 374 (5th Cir. 2014) (same).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 555 & 570 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004)). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Caillet v. Regions Fin. Corp.*, 282 F.R.D. 406, 410 (W.D. La. Mar. 5, 2012) (quoting *Iqbal*, 556 U.S. at 662); accord *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Thus, in their current form, the complaints in those cases which are the subject of Allstate's motion to dismiss fail to provide sufficient information for the Court to determine whether the strict requirements as outlined above are satisfied. The complaints, therefore, remain wholly insufficient to survive Allstate's Rule 12(b)(6) motion. Indeed, none of the complaints (the operative pleading before the Court): (1) provides specifics with respect to which

---

[6] "*Twombly* jettisoned the minimum notice pleading requirement of *Conley* [355 U.S. 41]." The *Conley* court held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A complaint must now "allege enough facts to state a claim that is *plausible* on its face." *St. Germain v. Howard,* 556 F.3d 261, 263 n.2 (5th Cir. 2009) (emphasis added) (citing *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)); accord *Rios v. City of Del Rio, Texas,* 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied,* 549 U.S. 825 43 (2006).

physical damage caused by the flood was covered by Allstate; (2) states whether Allstate issued a payment and if so, what payment was issued and when; (3) indicates what the alleged "conclusive evidence " consisted of establishing that flood damage was covered; (4) identifies the "retained experts" or evidence of the total amount of damages sustained; (5) indicates whether the total amount of claimed damages exceeded any amount already paid by Allstate; (6) shows whether the estimate of the total claimed reflected the SFIP's strict limits on coverage; (7) alleges that plaintiff submitted written notice of his or her loss to Allstate in the allotted time frame; (8) includes an inventory of damaged property for inspection purposes; (9) itemizes damages showing quantity, description, cash value and amount of loss; (10) references or attached bills, receipts and related documents; or (11) provides timely signed, sworn proof-of-loss documentation.

## IV.

The question presented to the Court was—and remains--whether the assembly-line complaints fail to satisfy the familiar pleading standards of Rule 12(b)(6), *Twombly* and its progeny. Allstate maintains that the answer to this question is a resounding "no."

However, for purposes of judicial economy and in an effort to move this litigation along—*while in no way retreating from or otherwise conceding or suggesting that the complaints are in any way actually or legally sufficient*—Allstate is willing to voluntarily withdraw within 30 days its pending motion to dismiss in selected cases—*i.e.*, those cases that are the subject of this surreply and in which the plaintiff complied with the Court's Limited Scheduling Order.[7]

---

[7] Allstate is unwilling to withdraw its motion to dismiss in those cases filed by the firm of "Pandit Law." The pleadings in the Pandit cases remain deficient under *Twombly;* moreover, their automatic disclosures are noncompliant with the Court's Limited Scheduling Order of May 23, 2018. In other

Allstate's decision here should not be misinterpreted. Allstate will continue its effort to seek the dismissal (or amendment) of any cookie-cutter complaint filed hereinafter that fails to satisfy the dictates of Rule 12(b)(6) and *Twombly*. As recited repeatedly in this and other pleadings, the proper disposition of the issues presented through the motion to dismiss will have a positive impact on the management and resolution of the multitude of flood cases and will unequivocally have a positive impact on the NFIP—now and in the future.

Respectfully submitted, this the 5th day of September 2018.

**ALLSTATE INSURANCE COMPANY**

By:   */s/ Jim Letten.*
      JIM LETTEN (#08517)
      MIKE BEERS (*Pro Hac Vice*)
      PATRICK T. BERGIN (*Pro Hac Vice*)

      *Attorneys for Allstate Insurance Company.*

*OF COUNSEL:*

Jim Letten, New Orleans, La. (#08517)

BUTLER SNOW LLP
201 St. Charles Avenue
Suite 2700
New Orleans, LA 70170
(504) 299-7777 (F) (504) 299-7701
Jim.Letten@butlersnow.com

Mike Beers (*Pro Hac Vice*)
BUTLER SNOW LLP
250 Commerce Street
Suite 100
Montgomery, AL 36104
(334) 832-2900 (F): (334) 832-2901
Mike.Beers@butlersnow.com

---

words, Pandit cases continue to be woefully short on facts and substance. Consequently, Allstate's motion is as viable today as it was on the day it was filed. Pandit's "scattergun approach" to litigating flood cases warrants rejection by this Court.

Patrick T. Bergin (*Pro Hac Vice*)
BUTLER SNOW LLP
1300 25th Avenue
Suite 204
Gulfport, MS 39501
(228) 575-3000 (F) (228) 868-1531
Patrick.Bergin@butlersnow.com

### CERTIFICATE OF SERVICE

      I hereby certify that on September 5, 2018, copies of this pleading were served upon all parties or their attorneys of record contemporaneously with or before the filing of his pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) or by using the CM/ECF system which will send notice of electronic filing to all parties or attorneys of record.

                                                */s/ Jim Letten*
                                                Jim Letten

43988753.v1